IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HAUGHIE,

      Plaintiff,

      v.

                                Civil Action No.:  GJH-21-101

UNITED STATES,
U.S. POSTAL SERVICE,
N. AERMILLA,
S. ROSENBAUM,
B. FROSH,
S. H. BARON,
J. BARR,
R. GREEN,
R. THOMPSON,
J. DIPIRO, *et al.*[1]

      Defendants.

**MEMORANDUM OPINION**

This self-represented complaint was received by the Court on January 12, 2021, along with a Motion to Proceed in Forma Pauperis, which the Court now grants.  For the following reasons the complaint must be dismissed.

Plaintiff Robert Haughie is an inmate in the custody of the Maryland Division of Correction and confined to Western Correctional Institution ("WCI") in Cumberland, Maryland.  He captions his complaint as one filed pursuant to the Federal Tort Claims Act ("FTCA").[2]  Included among

---

[1]    Additional Defendants named are: J. Hopkins, W. Hill, V. Ferrell, J. Schmitt, R. Wolford, D. Blumberg, S. Baucam, M. Bentley, P. Jackson, S. Cox, J. Nudgent, R. Weber, R. Butler, Chief Arnold, A. Getachew, S. Fetters, J. Clark, B. Swan-Mace, B. Reese, M. Klepich, S. R. Browning, B. McLaughlin, Lt. McKenzie, Security Guard Falust, Security Guard Linaberg, A. Cartwright, Security Guard Patterson, J. Getty, Unknown Judge, U.S. District Court System, and C. Farrelli.

[2]    A claim under the FTCA the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994).  It does not apply to State employees.

the 41 named Defendants are the United States Attorney, the Maryland Attorney General, the United States Post Office, unknown Judges, and the "United States District Court System." ECF No. 1 at 1-2. The complaint is barely legible but appears to be Mr. Haughie's generalized complaint that he is not receiving adequate medical care at WCI. *Id.* at 3. He lists numerous sick call slips he has submitted noting the month and day they were submitted without noting the year, seemingly to prove he has not received the medical care he requires. *Id.* at 4.

He claims that "Defendant #1 failed to investigate claims against Defendants 3 thru 40." *Id.* at 5. The first Defendant named is the United States. He also claims "Defendants 3 thru 41 have failed to investigate, failed to see Plaintiff's rights under the 8[th] and 14[th] Amendments is given." ECF No. 1 at 5. He claims that Defendant #25 "changes a brain surgeon's opinion" and has retaliated against him for lawsuits he has filed. *Id.* Other allegations include that this Court has done nothing in response to retaliation against Mr. Haughie for prior lawsuits filed; that he has not received speech therapy, a hand brace, a hernia belt or eyeglasses; and states that all Defendants need to take a lie detector test to prove his constitutional rights have been violated. *Id.* at 7. He further claims that the United States Post Office charged him for mail that was not delivered. *Id.* at 5.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Further, Fed. R. Civ. P. 8(a) requires that a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a

short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The instant complaint includes claims against Defendants who are immune from suit. The United States Postal Service is immune from lawsuits for claims related to the delivery of mail. *See* 28 U.S.C. § 2680(b) (postal matter exception to Federal Tort Claims Act), *see also Jones v. Nat'l Commc'n and Surveillance Networks*, 409 F. Supp. 2d 456 (S.D.N.Y. 2006) (no suit is available against the United States Postal Service for negligent carrying of mail).

To the extent that Mr. Haughie's claim against the "United States District Court System" concerns dismissals of prior lawsuits he has filed it is essentially a claim raised against members of the bench. The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id.* at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).

3

The claims against Defendants who may not be immune from suit are stated as generalized conclusory claims that Mr. Haughie's rights have been violated.  He does not include a narrative of factual allegations explaining how he reached the conclusion that his constitutional rights have been violated; rather he simply concludes his rights have been violated.  He does not describe what the numerous listed Defendants did to violate his rights outside of the generalized assertions noted. The purpose of the requirements under Rule 8(a) is to enable the Defendants named to respond to the allegations against them.  If even after affording the matter a generous construction the Court cannot determine the precise nature and jurisdictional basis of the Complaint, one can only imagine the difficulties which would ensue in having Defendants attempt to answer the Complaint.  It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).  Mr. Haughie's complaint does not satisfy these requirements and must therefore be dismissed.

By separate Order which follows, the complaint shall be dismissed.

1/25/2021
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

4